**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONARDO CRUZ-CHAVEZ, | No. 18-71430 |
| Petitioner, | Agency No. A201-290-014 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023[**]

Before:      CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Leonardo Cruz-Chavez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Because Cruz-Chavez does not challenge the agency's determinations as to his claims based on the proposed particular social groups of "individuals who oppose drug cartels and gangs" and "an individual returning to Mexico from the United States who will be perceived as having money," we do not address them. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Substantial evidence supports the agency's determination that Cruz-Chavez failed to establish he was or would be persecuted on account of his membership in the proposed particular social group of his family. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Cruz-Chavez's contentions that the agency failed to properly address his claim based on family membership, erred in its application of law, and denied him due process, are not supported by the record.

18-71430

Because Cruz-Chavez's asylum claim fails on the merits, we need not reach his remaining contentions regarding whether he established changed or extraordinary circumstances to excuse his untimely asylum application and whether he is a class member under *Rojas v. Johnson*, 305 F. Supp. 3d 1176, 1179 (W.D. Wash. 2018). *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Thus, Cruz-Chavez's asylum and withholding of removal claims fail.

Because Cruz-Chavez does not challenge the agency's denial of CAT protection, we do not address it. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**